UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5633-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1960.[1] He completed high school and has no past relevant work experience. (AR 38-39, 62.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed an SSI application on December 4, 2015, alleging disability beginning September 1, 2009. The application was denied at the initial level and on reconsideration. On February 6, 2018, ALJ John Michaelsen held a hearing, taking testimony from a vocational expert (VE). Plaintiff constructively waived his right to appear in person for his hearing, but was represented by counsel. (AR 56-65.) On May 16, 2018, the ALJ found plaintiff not disabled. (AR 17-28.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on May 7, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's chronic or old avulsion injury of the medial malleolus in the right ankle with multiple bone spurs severe. The ALJ found plaintiff's medically determinable mental impairments of history of a psychotic disorder and gender dysphoria not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform medium work as defined in 20 C.F.R. § 416.967(c), except he is further limited to no more than frequent balancing, climbing, crouching, or crawling.

Plaintiff had no past relevant work. If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing work as an industrial cleaner, hospital cleaner, and laundry laborer. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ improperly rejected the opinion of an examining psychologist and requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Opinion of David T. Morgan, Ph.D.

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoted source omitted). Where contradicted, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

Plaintiff argues the ALJ gave legally insufficient reasons for giving little weight to the opinion of Dr. David T. Morgan, who evaluated plaintiff for the Washington State Department of Social and Health Services on five occasions between 2012 and 2017. As plaintiff points out, Dr. Morgan is the only medical source opinion of record addressing plaintiff's functional mental health limitations. Therefore, plaintiff argues, the standard for evaluating Dr. Morgan's opinions should be that of an uncontradicted medical opinion, requiring "clear and convincing" reasons. Defendant does not address this issue. Whether reviewed under the "clear and convincing" or "specific and legitimate" standard, the Court finds the ALJ's assessment of Dr. Morgan's opinions legally insufficient for the following reasons.

The record includes Dr. Morgan's reports from November 2015 and November 2017 (AR 289-93, 423-27), but not the reports from the November 2012, May 2013, or April 2014 evaluations. Those reports are, however, summarized in a previous ALJ decision. (AR 76-77.)

ORDER
PAGE - 4

"The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b)." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ here failed to address any of Dr. Morgan's reports except the most recent, November 2017 report.

The Commissioner argues any potential error is harmless, since the 2012-2014 reports were properly rejected in a previous proceeding, the 2015 report was merely cumulative of those previously rejected opinions, and the 2017 report was the most recent and therefore the most probative. Plaintiff disputes the characterization of the 2015 report as inconsequential, noting Dr. Morgan's diagnosis of schizophrenia in 2015 (and earlier) belies the ALJ's determination that Dr. Morgan relied solely on plaintiff's self-report from 2017. (AR 24.)

Despite the Commissioner's assertion Dr. Morgan's previous reports were merely cumulative of the 2017 report, the consistency of a medical opinion with previous opinions from the same medical source could favorably affect the weight given that opinion. 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion.") The Court also agrees with plaintiff that the ALJ's characterization of Dr. Morgan's opinion as based solely on plaintiff's 2017 self-report of daily auditory and visual hallucinations of marked severity does not stand up under scrutiny when the earlier reports are considered. Furthermore, although the ALJ explained the weight given plaintiff's subjective symptom testimony about his physical abilities, none of the reasons pertain to plaintiff's report of his mental health symptoms. (AR 24.)[2]

---

[2] Although plaintiff does not separately assign error to the ALJ's assessment of the credibility of plaintiff's subjective symptom testimony, the Court agrees with plaintiff the ALJ unreasonably relied on plaintiff's efforts to find work as a reason to discount his testimony about his limitations. (AR 24.) *See Lester*, 81 F.3d at 833 ("Occasional symptom-free periods - and even the sporadic ability to work - are not inconsistent with disability.")

ORDER
PAGE - 5

Other reasons given by the ALJ are insufficient to support the disregard of Dr. Morgan's opinions. While the ALJ found Dr. Morgan failed to properly assess the effect of illegal drug use on plaintiff's mental health, Dr. Morgan's opinion plaintiff's impairments were not primarily the result of drug use was also the ALJ's opinion. (AR 28, 426.)

The Court, in sum, finds the ALJ erred in considering the opinions of Dr. Morgan. On remand, the ALJ should address all of Dr. Morgan's opinions of record and provide legally sufficient reasons for the weight given these opinions. If the ALJ finds the record inadequate to properly evaluate the opinions, the ALJ should obtain a supplemental report from Dr. Morgan. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). *Accord Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (quoted source omitted).

The reevaluation of Dr. Morgan's opinions may also require the reconsideration of the weight given plaintiff's subjective symptom testimony. If so, the ALJ should also reconsider that testimony.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 11th day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge